## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE LIFE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-996-LPS |
| | : | |
| ELLEN SHORT, | : | |
| PHILIP THOMPSON, | : | |
| BARBARA BARTO, | : | |
| IRENE CRAIG, Individually and as Attorney in | : | |
| Fact for JOHN SHORT and the Estate of | : | |
| JOHN SHORT, | : | |
| | : | |
| Defendants. | : | |

Marc S. Casarino and Karine Sarkisian, WHITE AND WILLIAMS LLP, Wilmington, DE

    Attorneys for Plaintiff


Barbara Barto, Wilmington DE
    *Pro se* Defendant


Bernard A. Van Ogtrop, Jared Thomas Green, and James S. Green, SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, DE

    Attorneys for Defendant Irene Craig


## <u>MEMORANDUM OPINION</u>


March 17, 2021
Wilmington, Delaware



**STARK, U.S. District Judge:**

Pending before the Court is Plaintiff Delaware Life Insurance Company's ("Delaware Life") motion to dismiss two counts of Defendant Irene Craig's counterclaim.  (D.I. 3)  The motion arises pursuant to Federal Rule of Civil Procedure 12(b)(6) and has been fully briefed.  (*See* D.I. 7-10)[1]  For the reasons set forth below, the Court will deny Plaintiff's motion.

## I.      BACKGROUND

On December 17, 2004, Sun Life Insurance Company – which in 2014 became Delaware Life – issued a ten-year annuity policy (the "Annuity Contract") to John Short, a policy he renewed on December 1, 2014 for an additional seven years.  (D.I. 1 ¶¶ 8, 9)  As of September 16, 2016, John Short designated his daughters, Ellen Short and Barbara Barto, as the primary beneficiaries, each with a 50% interest in the Annuity Contract.  (*Id.* ¶¶ 10, 12)  Subsequently, as of January 24, 2019, John Short designated his spouse, Irene Craig, as the sole beneficiary of the Annuity Contract.  (*Id.* ¶¶ 5, 11)  John Short passed away on April 12, 2019.  (*Id.* ¶ 12)

After John Short's death, the ownership interest of certain of his assets was the subject of litigation in the Delaware Court of Chancery among Defendants Ellen Short, Philip Thompson,

---

[1] Plaintiff also filed a motion for leave to file a supplemental brief (D.I. 14), which was unopposed.  Pursuant to Local Rule 7.1.2(b), "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."  Whether to permit briefing beyond that prescribed by the rules presents a discretionary decision for the Court (one not governed by Fed. R. Civ. P. 15(d), as erroneously argued by Plaintiff; that rule concerns supplemental *pleadings*).  *See, e.g., Fouad v. Milton Hershey Sch.*, 2020 WL 820146, at *1 (M.D. Pa. Feb. 19, 2020); *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, 2011 WL 1098993, at *4 (D.N.J. Mar. 21, 2011).  Given the limited materials the Court is permitted to consider in deciding the pending motion to dismiss, neither Barbara Barto's answer (D.I. 13) nor Plaintiff's supplemental brief (D.I. 14-1) – which was prompted by and based on Barto's answer – is helpful to the Court's decision-making process.  Hence, the Court will deny Plaintiff's motion for leave to file a supplemental brief.  (D.I. 14)  Considering it, however, would not change the outcome on the motion.

and Irene Craig; the case was settled on July 8, 2020.  (*Id.* ¶ 14)  Defendant Barbara Barto was

not a party to the Chancery litigation or to the settlement agreement.  (*Id.*)

After the Chancery Court settlement, Irene Craig, on July 13, 2020, requested through

counsel that Delaware Life provide her with available options to elect payment under the

Annuity Contract, and any forms required for payment of the benefits to be made to her.  (*Id.*

Counterclaim ¶ 8)  Delaware Life refused the request, asserting that Barbara Barto had sent a

notice claiming that "her father told her that she was a named beneficiary" and demanding

payment of benefits to herself.  (*Id.* Counterclaim ¶¶ 9, 15)

On July 27, 2020, Delaware Life filed this interpleader action against Ellen Short, Philip

Thompson, Barbara Barto, and Irene Craig, seeking to interplead the benefits of the Annuity

Contract.  (D.I. 1)  On July 30, 2020, Irene Craig answered the complaint, asserted counterclaims

against Delaware Life for breach of contract, bad faith, and a declaratory judgment, and asserted

a crossclaim against Barbara Barto for intentional interference with contract.  (D.I. 3)

On August 19, 2020, Delaware Life filed the pending motion, seeking to dismiss Irene

Craig's counterclaims for breach of contract and bad faith.  (D.I. 7)  On November 9, 2020,

Delaware Life voluntarily dismissed Ellen Short and Philip Thompson from this case.  (D.I. 17)

II.    **LEGAL STANDARDS**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires

the Court to accept as true all material factual allegations of the complaint.  *See Spruill v. Gillis*,

372 F.3d 218, 223 (3d Cir. 2004).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat

Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).

Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded

allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,
plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)
(internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a
right to relief above the speculative level on the assumption that the allegations in the complaint
are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)
(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible
"when the plaintiff pleads factual content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009).  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation
that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.
*Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal
quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion
Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported
conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*,
82 F.3d 63, 69 (3d Cir. 1996).

## III.    DISCUSSION

Delaware Life seeks to dismiss Irene Craig's counterclaim for bad faith (Count II),
contending that the counterclaim "fails to provide any allegations that, even when liberally

3

construed, would give rise to a claim for Bad Faith." (D.I. 8 at 4)  Under Delaware law,[2] a bad

faith insurance claim "sounds in contract and arises from the implied covenant of good faith and

fair dealing." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 440 (Del. 2005).  A claim

for bad faith breach of insurance contract is actionable when "an insurer fails to investigate or

process a claim or delays payment . . . clearly without any reasonable justification." *Tackett v.

State Farm Fire & Cas. Co.*, 653 A.2d 254, 264 (Del. 1995) (internal citation omitted).

Here, Irene Craig has plausibly stated a bad faith claim.  Irene Craig alleges that

Delaware Life, knowing that Craig is and was the sole designated beneficiary of the Annuity

Contract, has refused to pay the Annuity Contract benefits to her.  (D.I. 3 Counterclaim ¶¶ 9, 15)

With respect to the competing claim submitted by Defendant Barbara Barto, Irene Craig alleges

that Delaware Life knew that Barto's claim that her father told her that she was a named

beneficiary, even if true, did not alter its obligation to pay the Annuity Contract benefits to Craig

as the designated beneficiary, and that Delaware Life further knew Barto provided no other basis

for her claim.  (*Id.* ¶ 15)  Taking these allegations as true, and viewing them in the light most

favorable to Craig as the non-moving party, the Court finds that the counterclaim has plausibly

alleged that Delaware Life has delayed its payment obligation to Craig clearly without any

reasonable justification.

Delaware Life also seeks to dismiss Irene Craig's counterclaim for breach of contract

(Count I), contending that Delaware Life's actions "have reasonable justification and cannot be a

breach of contract." (D.I. 8 at 6)  Under Delaware law, to state a breach of contract claim, a

---

[2] Both sides rely on federal and state cases applying Delaware state law.  Therefore, the Court
understands that the parties agree that Delaware law applies to the issues presented by the
motion.

party must show "first, the existence of the contract, whether express or implied; second, the

breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff."

*VLIW Tech., L.L.C. v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).  Here, Irene Craig

has plausibly stated a breach of contract claim by alleging that Delaware Life is in breach of a

binding Annuity Contract, to which Delaware Life is party and Craig is the sole named

beneficiary, damaging Craig by depriving her of the proceeds Delaware Life refuses to pay her.

(D.I. 3 Counterclaim ¶¶ 11-13)

Delaware Life argues for the first time in its reply brief that it "does not breach a legal

duty when it brings an interpleader action to resolve competing claims," adding that it is

"shielded from counterclaims" that are "not independent from the interpleaded funds."  (D.I. 10

at 3, 6)  It is generally improper to raise new arguments in the reply brief, and the Court may

disregard such arguments.  *See* D. Del. L.R. 7.1.3(c)(2) ("The party filing the opening brief shall

not reserve material for the reply brief which should have been included in a full and fair

opening brief."); *Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F.

Supp. 2d 538, 562 n.168 (D. Del. 2008) (citing D. Del. L.R. 7.1.3(c)(2)).  But even if the Court

considered them, Delaware Life's new arguments would still fail.  Since Craig denies that

Delaware Life "remains subject to competing claims" (D.I. 3 Answer ¶ 18) and alleges that

Delaware Life "knew that Barto's claim that her father told her that she was a named beneficiary,

even if true, did not alter its obligation to pay the Annuity Contract benefits" to Craig as the

designated beneficiary (D.I. 3 Counterclaim ¶ 15), the Court cannot conclude at this stage –

based on the record it is allowed to consider, which must be viewed in the light most favorable to

Craig – that Delaware Life is necessarily, as a matter of law, a legitimate stakeholder in a

properly-brought interpleader action.  *See Lexington Ins. Co. v. Jacobs Indus. Maint. Co., LLC*,

435 F. App'x 144, 147 (3d Cir. 2011) ("While adverse claims need not be meritorious, they

cannot be so wanting that the stakeholder lacks 'a bona fide fear of adverse claims.'") (quoting

*CNA Ins. Cos. v. Waters*, 926 F.2d 247, 251 (3d Cir. 1991)); *Commerce Funding Corp. v.*

*Southern Fin. Bank*, 80 F. Supp. 2d 582, 585 (E.D. Va. 1999) ("The interpleader action will not

lie where one of the 'competing claims' is . . . totally devoid of substance.") (internal citation

omitted).[3]

Delaware Life may well prove that, as it insists is true, it "acted appropriately by

instituting an interpleader action seeking to resolve adverse claims in order to release the funds

of the Annuity [Contract]." (D.I. 10 at 2)  It may relatedly prove it "has a bona fide fear of

adverse claims given the underlying related litigation that ensued" in the Court of Chancery –

which included allegations that "Mr. Short did not have the appropriate capacity to change his

beneficiary designation from his two daughters to Defendant Craig," and which was terminated

by releases that did not include Defendant Barto.  (*Id.* at 5)  But a motion to dismiss does not

present an occasion to weigh conflicting evidence.  Instead, it requires the Court to accept the

well-pleaded factual allegations of the party asserting the claim, which here is Irene Craig.[4]

Taking as true her allegations that the only written beneficiary designation on file with Delaware

Life at the time she made her claim for the policy proceeds named her and only her, and further

taking as true that the only thing Delaware Life knew about Barto's claim to the policy proceeds

---

[3] It also does not appear that Delaware Life has deposited the interpleaded funds into the registry
of the Court, which is necessary to create subject matter jurisdiction under 28 U.S.C. § 1335, the
basis Delaware Life identifies for this Court's subject matter jurisdiction.  (D.I. 1)  This
jurisdictional defect, however, can be cured.  *See CNA Ins.*, 926 F.2d at 249 n.6.

[4] By contrast, in both appellate cases cited by Delaware Life in its reply brief, *Prudential Ins. Co.*
*of Am. v. Hovis*, 553 F.3d 258 (3d Cir. 2009), and *Lexington*, 435 F. App'x at 147, the Court of
Appeals reviewed district courts' decisions on motions for summary judgment, a stage at which
courts do not have to take factual allegations as true and are presented with evidence.

was her statement that her father told her she was a beneficiary, the Court is unable to conclude

that it is implausible that Delaware Life acted in bad faith and breached its contractual obligation

by not paying the proceeds to Irene Craig.  Whether Irene Craig will succeed in transforming

not-implausible allegations into proof by a preponderance of evidence is entirely uncertain.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for leave to file a

supplemental brief (D.I. 14) and will deny Plaintiff's motion to dismiss Counts I and II of

Defendant Irene Craig's counterclaim (D.I. 7).  An appropriate order follows.